## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO SAEZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-512** |
| | : | |
| **NATIONWIDE INSURANCE**, *et al.* | : | |
| **Defendants.** | : | |

### MEMORANDUM

**JONES, J.**                                                                                     **MARCH 24, 2021**

Currently before the Court is a two-page Complaint filed by Plaintiff Antonio Saez, proceeding *pro se*. (ECF No. 1.) Listed as Defendants in the caption of his Complaint are Nationwide Insurance, CPR, and the Honorable Robert O. Baldi. Although the Complaint is deficient as a complaint in a civil action in a number of respects as set forth below, in an abundance of caution, the Clerk of Court treated the submission as a federal civil rights Complaint brought pursuant to 42 U.S.C. § 1983, opened a civil action, and assigned the matter to the undersigned for review.

By Order dated February 9, 2021, the undersigned directed Saez to either pay the fees to commence a civil action in this Court, or to file a motion to proceed *in forma pauperis*. (ECF No. 3.) The Court also instructed Saez to file an amended complaint, alerting him to certain deficiencies in his original submission. (*Id.*) Saez was informed that if he failed to comply with the directives of the Court's Order, his case may be dismissed without notice for failure to prosecute. (*Id.*)

Saez subsequently filed a Motion to Proceed *In Forma Pauperis*, (*see* ECF No. 4), but did not file an amended complaint. For the following reasons, the Court will grant the Motion to

Proceed *In Forma Pauperis* and dismiss Saez's Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8.  Saez will be permitted to file an amended complaint.

## I.   FACTUAL ALLEGATIONS

Saez's two-page Complaint, which was filed on January 21, 2021, begins with the first page of a form Complaint.  (ECF No. 1 at 1.)[1]  The caption lists "Nationwide Insurance," "CPR" and "Honorable Robert O. Baldi" as Defendants.  (*Id.*)  This page also includes the following handwritten notation: "I'm 89 years old and do not have time left to follow through on this claim any longer.  I appreciate you sending me this information.  I'm not a lawyer and the lawyer that I had didn't know much more than I did."  (*Id.*)

The second page of the Complaint is an unsigned, January 21, 2019 letter from Saez which appears to be addressed to Lily Huffman, Esquire; Nationwide Property & Casualty Insurance Company; Citizens Public Adjusters, to the attention of Anthony Diulio, Esquire; CPR Restoration & Cleaning Services, LLC, also to the attention of Anthony Diulio, Esquire; and the Honorable Robert O. Baldi of the "Bucks County Justice Center."  (*See id.* at 2.)  Saez indicates in the letter that he had a "2018 court case" before Judge Baldi that was wrongly dismissed prior to the completion of trial.  (*Id.*)  Saez alleges that "[t]here was a bias from the beginning and Nationwide used their corporate power to overpower my rights and Judge Baldi allowed it." *(Id.)*  According to Saez, he was discriminated against "for being Hispanic (Puerto Rican), Spanish speaking."  *(Id.)*  The letter also states that Saez "will file a civil rights lawsuit against all parties concerned.  All parties will be informed upon filing my claim with the Division of Civil Rights."  (*Id.*)  It is unclear from Saez's filing what relief he presently seeks.

---

[1] The Court adopts that pagination supplied by the CM/ECF docketing system.

## II.     STANDARD OF REVIEW

The Court grants Saez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Saez is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The

important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Federal Rule of Civil Procedure 10 requires that claims be pled in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10.  The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims.  *See Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ. A. No. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief.").

## III.    DISCUSSION

The Court construes Saez's Complaint as presenting a civil-rights claim pursuant to §

1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the Complaint, Saez alleges bias during a 2018 trial, contending that Nationwide "used

their corporate power to overpower . . . [his] rights," which Judge Baldi permitted.  (ECF No. 1

at 2.)  Saez "surmise[d]" that he was discriminated against because he is Spanish-speaking.  (*Id.*)

Saez's allegations are vague, and the true substance, if any, of exactly how Defendants

Nationwide or Baldi acted to harm Saez is well-disguised to the point that the Defendants and the

Court are unable to know exactly what Saez is alleging.  Thus, any claims against them fail to

meet the requirements of Rule 8.

In addition to failing to allege any legal basis for his claims, Saez's filing does not clearly

identify the defendants.  The first page of the Complaint lists Nationwide, CPR, and Judge Baldi

as defendants.  (*Id.* at 1.)  The second page of the Complaint, the letter, appears to be addressed

to Lily Huffman, Esquire; Nationwide Property & Casualty Insurance Company; Citizens Public

Adjusters, to the attention of Anthony Diulio, Esquire; CPR Restoration & Cleaning Services,

LLC, also to the attention of Anthony Diulio, Esquire; and Judge Baldi.  (*Id.* at 2.)  Although

listed as a defendant on the first page of the Complaint, it is unclear if CPR is CPR Restoration &

Cleaning Services, LLC.  Moreover, the text of the letter does not mention CPR or CPR

Restoration & Cleaning Services, LLC at all.  (*See id.*)  Thus, Saez's submission to the Court

does not identify how CPR or CPR Restoration & Cleaning Services LLC may have been

responsible for a constitutional violation.  It is also unclear if Saez intended to allege that his

constitutional rights were violated by Lily Huffman, Esquire, or Citizens Public Adjusters. Additionally, Saez has failed to draft his pleading in numbered paragraphs or assert separate counts based on separate occurrences in violation of Rule 10.

Because the allegations in Saez's Complaint lack sufficient clarity to allow the Defendants and the Court to determine whether there are sufficient facts to support a claim entitling Saez to relief, any and all claims are dismissed without prejudice.  Saez will be granted leave to amend to file an amended complaint that complies with Rules 8 and 10, specifying what each Defendant did and how that Defendant's actions violated his constitutional rights.

## IV.    CONCLUSION

For the reasons stated, Saez's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Saez may file an amended complaint if he is able to cure the defects the Court has identified.  An appropriate Order follows.

**BY THE COURT:**


**_/s/ C. Darnell Jones, II_**
**C. Darnell Jones, II  J.**